NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-4630

———————

UNITED STATES OF AMERICA

v.

YUNIO CANACA, a/k/a Jairo Garcia-Canaca,
a/k/a Luis Fernandez-Mensias, a/k/a Jose Antonio Romero-Canaca,
a/k/a Alberto Soto-Mendez, a/k/a Daniel Hernandez-Martinez

Yunio Canaca,

Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(M.D. Pa. 4:11-CR-0128-001)
District Judge: Honorable John E. Jones III

———————

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2012

———————

Before: HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges.*

(Opinion Filed:  November 14, 2012)

———————

OPINION

———————

1

GREENAWAY, JR., *Circuit Judge.*

Yunio Canaca ("Canaca") pled guilty to illegal re-entry into the United States after having been convicted of an aggravated felony. The District Judge concluded that although Canaca was subject to a Sentencing Guidelines range of 15 to 21 months of imprisonment, he would grant a downward variance. Canaca received a 12 month sentence followed by three years of supervised release. Appellate counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that no non-frivolous issues exist for appeal, and now seeks to withdraw as counsel representing Canaca. For the reasons set forth below, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.

## I. Background

Canaca first entered the United States from Mexico in February of 1996, without inspection by an immigration officer. Between February of 1996 and December of 2006, Canaca entered the U.S. illegally on numerous occasions. Each time, he was removed from the country, either by being deported following a criminal conviction, or by agreeing to leave voluntarily after being detained by immigration officials.

On February 24, 2011 Pennsylvania State Police stopped Canaca during a routine traffic stop. He admitted to Immigration and Customs Enforcement ("ICE") agents that he had re-entered the country without being admitted or paroled. Canaca pled guilty in the District Court for the Middle District of Pennsylvania to a one-count indictment for illegal re-entry after being convicted of an aggravated felony.

Canaca requested a downward variance to time served because: (1) although Canaca was being sentenced in a non-fast-track district, he would have qualified for a fast-track disposition in such a district and would have pled guilty, waiving his appellate rights, if he had been offered such a disposition and (2) that the seriousness of his criminal history was overstated. While recognizing that Canaca's fast-track disparity argument had some merit, the Court sought to balance Canaca's argument against his own criminal history, which included multiple illegal re-entries and deportations and two convictions for the sale of a controlled substance. Ultimately, the District Court imposed a sentence of 12 months of imprisonment, representing a downward variance of three months.

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. Standard of Review

"In Anders v. California, 386 U.S. 738 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2000). Under Anders, counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." Id. at 780. "The Court's inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately

3

fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where frivolousness is patent, however, "we will not appoint new counsel even if an Anders brief is insufficient to discharge current counsel's obligations to his or her client and this court." United States v. Coleman, 575 F.3d 316, 321 (3d Cir. 2009).

We review a district court's sentence in two stages: first, we ensure that the district court committed no significant procedural error; second, we consider whether or not the sentence is substantively reasonable. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## IV. Analysis

Counsel's brief identifies three potential issues for appeal, none of which is non-frivolous. First, he proffers that Canaca might challenge the jurisdiction of the District Court. Second, counsel suggests that Canaca may dispute the procedural validity or voluntariness of his guilty plea. Finally, counsel proposes that Canaca may seek review of the legality or reasonableness of the sentence.

The government agrees with Canaca's counsel that no non-frivolous issues exist. Furthermore, Canaca has not filed a pro se brief to suggest otherwise.

We agree with counsel and the government that no non-frivolous issues exist. Counsel has reviewed the record in a genuine effort to identify any potentially appealable issues, and has discovered none. Because counsel's Anders brief "initially appears to be

adequate on its face…[a] complete scouring of the record" is unnecessary. Youla, 241 F.3d at 300.

The first argument counsel identifies is that the District Court lacked jurisdiction to hear Canaca's case. This argument is entirely without merit. District courts have jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. Canaca was charged with federal criminal offenses. The District Court had jurisdiction. Moreover, Canaca did not object to the District Court's jurisdiction prior to entering his guilty plea, thus waiving any challenge to personal jurisdiction. See Fed. R. Crim. P. 12(b)(3) and (e).

The second argument identified by counsel is that Canaca's guilty plea was, in fact, procedurally invalid or involuntary. This argument is also frivolous. In challenging the voluntariness of his guilty plea, Canaca bears the burden of establishing that the trial court failed to comply with Boykin v. Alabama, 395 U.S. 238 (1969) and Federal Rule of Criminal Procedure 11. Here, Canaca is unable to meet such a burden. The indictment itself was clear on its face. Furthermore, during the plea hearing the District Court and the government were careful to ensure that Canaca understood the underlying charge against him, the rights he was waiving by virtue of a guilty plea, and the consequences that would flow from his plea, including exposure to incarceration. Based on these facts, there is no issue of arguable merit as to the validity or voluntariness of Canaca's plea.

The final argument raised by counsel is that the sentence imposed by the District Court was unreasonable. The argument is without merit. The District Court complied with the procedural safeguards outlined in Tomko. 562 F.3d at 567; see also United

5

States v. Gunter, 462 F.3d 237 (3d Cir. 2006). The Court calculated the Guidelines range, ruled on requests for departures and variances, and then considered the §3553(a) factors prior to imposing sentence. The sentence was procedurally reasonable.

The only remaining question is whether the sentence was substantively reasonable. This step requires us to determine whether the District Court abused its discretion by failing to properly consider the relevant sentencing factors described in 18 U.S.C. § 3553(a). When explaining the sentence, the District Court was obligated to "set forth enough to satisfy the appellate court that [it]…ha[d] a reasoned basis for exercising [its] own legal decision making authority." Rita v. United States, 551 U.S. 338, 351 (2007). An examination of the record shows that the District Court heard and considered all of Canaca's arguments. There was no abuse of discretion.

## V. Conclusion

We find that no non-frivolous issues exist for consideration on appeal. We will grant counsel's motion to withdraw, pursuant to Anders, and affirm the judgment and sentence of the District Court. Counsel is relieved from any obligation to file a writ of certiorari with the Supreme Court of the United States. See 3d Cir. L.A.R. 109.2(b) (2012).

6